**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

ANTONYO REESE,

        Movant,

vs.

UNITED STATES OF AMERICA.

No. C14-2037-LRR
No. CR12-2026-LRR

ORDER

## I. INTRODUCTION

This matter appears before the court on Antonyo Reese' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Antonyo Reese ("the movant") filed such motion on June 13, 2014.[1] Also before the court is the movant's motion to amend (docket no. 8), which he filed on December 2, 2015.

The movant essentially raises two claims as bases for seeking relief. Specifically, the movant contends that counsel provided ineffective assistance because counsel did not

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, because the record is clear, an evidentiary hearing is not necessary, *see* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

allow him to review the evidence against him and he told counsel that he did not qualify as a career offender. The movant acknowledges that counsel reviewed the evidence against him and, after doing so, advised him that the best course was to enter into a plea agreement with the government. The movant states that, even though counsel and the government believed that he qualified as a career offender, he believed that he was facing a sentence of 4 to 5 years because he did not have the requisite predicate offenses to qualify as a career offender. With respect to his contention regarding his decision to enter into a plea agreement, the movant states that he entered into it even though he did not believe counsel's assessment of the evidence against him or advice regarding his status as a career offender. In addition, the movant states that the government failed to provide any information regarding his prior convictions and the government impermissibly relied on 21 U.S.C. § 851 and used a prior conviction to establish his status as a career offender because he decided not to cooperate. Lastly, the movant maintains that counsel never investigated his prior convictions and, despite the fact that he only agreed that he had one qualifying conviction, counsel failed to argue that USSG §4B1.1 did not apply. The movant asserts that, as a result of counsel's deficient performance, the court imposed a sentence that was significantly higher than the guideline range that did not include a career offender enhancement.

## II. BACKGROUND

The indictment that the grand jury returned charged the movant with knowingly and intentionally distributing cocaine base after having previously been convicted of a felony drug offense, that is, possession of cocaine base with intent to deliver and delivery of cocaine base. It also detailed that such offense is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851. So, in September of 2012, the government informed the movant that it was relying on 21 U.S.C. § 851 to increase the maximum sentence from 20 years to 30 years. When it filed an information in October

of 2012, it again detailed the convictions that subjected the movant to a higher statutory sentence.

The parties' plea agreement indicated that the movant would plead guilty to count one, which charged the movant with distribution of crack after having previously been convicted of a felony drug offense. And, it cited 21 U.S.C. § 851 and stated the maximum penalty, that is, 30 years imprisonment. Further, the movant stipulated to being convicted in 1998 of possession of cocaine base with intent to deliver and delivery of cocaine base and to being convicted in 2004 of assault on a police officer causing bodily injury and interference with official acts causing bodily injury. The parties also agreed to certain sentencing provisions but did not agree that the movant qualified as a career offender under USSG §4B1.1.

At the movant's change of plea hearing, the movant: (1) indicated that he would let the court know if he did not understand something; (2) acknowledged that he had a chance to discuss the charges in detail with his counsel and was satisfied with counsel's representation; (3) acknowledged that he understood the rights that he was giving up, including his right to present a defense; (4) admitted that he transferred crack to another person and had been previously convicted of a felony drug offense; (5) admitted that he entered into a plea agreement that he reviewed in detail with counsel, understood and had no questions about; (6) reiterated that the information set forth in the stipulation of facts portion of the plea agreement was true and correct; (7) indicated that he understood that he faced a maximum sentence of 30 years, the court could vary or depart from the advisory sentencing guidelines range, the parties believed he faced between 188 and 235 months imprisonment because he qualified as a career offender, the court could determine a higher or lower range than what was estimated by the parties and he could receive the maximum sentence, that is, 30 years; (8) acknowledged that he did not have the right to withdraw his guilty plea once it was accepted by the court; (9) affirmed that he did not have any questions about the sentencing procedure; (10) indicated that nobody forced or

3

pressured him to plead guilty; and (11) reaffirmed that he understood everything and had no questions. In addition, counsel maintained that he had a chance to review the government's discovery materials, that there was a factual basis for the movant's plea and that there was no possible defense to the charge. After the change of plea hearing, the movant did not object, and, consequently, the court accepted his guilty plea.

With respect to the pre-sentence investigation report, the movant only objected to the government's reliance on USSG §4A1.3, that is, assertion that an upward departure for inadequacy of criminal history was warranted. He did not object to the offense conduct, the offense level computation, which included an enhancement under USSG §4B1.1, or the criminal history, which listed three predicates for purposes of USSG §4B1.1: (1) possession of cocaine base with intent to deliver and delivery of cocaine base in 1998; (2) eluding in 2001; and (3) assault on a police officer causing bodily injury and interference with official acts causing bodily injury in 2004.

During the movant's sentencing hearing on January 31, 2013, the court reiterated the maximum penalty for count one, and the movant maintained that he was guilty, that he had a chance to go over his concerns about the pre-sentence investigation report with counsel and that he did not have any questions that he would like to ask. The court noted that the movant faced a 12-level swing in light of his criminal history, stated that the movant was a criminal history category VI because he had twenty criminal history points and adopted the pre-sentence investigation report without change. With respect to USSG §4A1.3, the court listened to the parties' arguments. After doing so, the court addressed the movant. The court informed the movant that it appreciated that he honestly acknowledged that he supported himself by doing side jobs, selling drugs and getting money from his female friends. Even though the movant did poorly on supervision and had an assaultive background, the court declined to rely on USSG §4A1.3. Ultimately, the court imposed a sentence at the top of the advisory guideline range.

On direct appeal, counsel argued that the movant's sentence was unreasonable and the movant argued that the court erred in classifying him as a career offender. With respect to the former argument, the Eighth Circuit Court of Appeals determined that the court did not abuse its discretion by sentencing the movant at the top of the advisory sentencing guidelines range. Concerning the latter argument, the Eighth Circuit Court of Appeals found that the court did not err when it determined that the movant qualified as a career offender. When doing so, it stated:

> [The movant] has a 2004 conviction for assaulting a police officer and interfering with official acts causing bodily injury, and he has a 1998 two-count conviction for possessing cocaine base with intent to deliver, and for delivery of cocaine base. Both the 2004 and the 1998 convictions are predicate offenses[. *See* USSG §4B1.2(a) and (b) (defining "crime of violence" and "controlled substance offense").] . . .

*United States v. Reese*, 538 F. App'x 739, 740 (8th Cir. Nov. 6, 2013).

### *III. ANALYSIS*

The movant does not have a constitutional right to hybrid representation. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *see also United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984) (stating "[a] defendant in a criminal case does not have a constitutional right both to represent himself and to be represented by counsel" (citing *United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir. 1978))); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976) (stating "a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel" (citing *Faretta v. California*, 422 U.S. 806 (1975))). Because the movant chose to utilize the full assistance of counsel who would present his defense, the movant did not have a right to independently review the discovery materials.

Further, it is clear that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the

5

record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Given the movant's stipulations in his plea agreement, his oral confirmation of those stipulations at the change of plea hearing and the unobjected-to facts in the pre-sentence investigation report, a sufficient basis supports the movant's guilty plea. The movant neither argues that counsel misled him about the sentence that he faced nor argues that the court failed to correctly inform him about the maximum possible sentence. Even if the movant had argued that counsel misled him, such argument is insufficient to justify withdrawal of his plea as involuntary. *See United States v. Love*, 176 F. App'x 708, 709 (8th Cir. 2006). Consequently, the movant's guilty plea remains valid.

And, the court's application of the advisory sentencing guidelines, consideration of the parties' sentencing arguments and application of the sentencing factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). Nothing restricted the court's discretion during the sentencing hearing, and the sentence that the movant received is appropriate and consistent with the parties' plea agreement. Indeed, the court properly considered the unobjected-to portions of the pre-sentence investigation report. *See* Fed. R. Crim. P. 32(i); *see also United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (explaining that facts in pre-sentence investigation report are deemed admitted unless the defendant objects to those facts); *United States v. Rodamaker*, 56 F.3d 898, 902 (8th Cir. 1995) (stating that it is permissible to rely on unobjected-to facts in the pre-sentence investigation report). It also imposed a sentence below 240 months, which is consistent with the maximum penalty provided by 21 U.S.C.

§ 841(b)(1)(C) absent an enhancement under 21 U.S.C. § 851, that is, 20 years, and the maximum penalty under 21 U.S.C. § 841(b)(1)(C) with an enhancement under 21 U.S.C. § 851, that is, 30 years. Even though the government relied on 21 U.S.C. § 851 and sought an upward departure under USSG §4A1.3, the court imposed a sentence that does not reflect an enhancement under 21 U.S.C. § 851.

Moreover, in collateral proceedings based on 28 U.S.C. § 2255, "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated." *United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *see also Lefkowitz v. United States*, 446 F.3d 788, 790-91 (8th Cir. 2006) (concluding that the same issues that have been raised in a new trial motion and decided by the district court cannot be reconsidered in a subsequent collateral attack); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981))); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (per curiam) (concluding that claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding that a movant could not "raise the same issues . . . that have been decided on direct appeal or in a new trial motion"); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding that a movant was not entitled to another review of his question). With respect to a claim that has already been conclusively resolved on direct appeal, the court may only consider the same claim in a collateral action if "convincing new evidence of actual innocence" exists. *Wiley*, 245 F.3d at 752 (citing cases and emphasizing the narrowness of the exception).

Similarly, movants ordinarily are precluded from asserting claims that they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982), for the proposition that a movant

7

is not able to rely on 28 U.S.C. § 2255 to correct errors that could have been raised at trial or on direct appeal); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters that could have been raised on direct appeal). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal*, 249 F.3d at 749 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *See McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction."). To establish actual innocence, a movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation omitted) (internal quotation marks omitted).[2]

On direct appeal, it is clear that the movant did not dispute the validity of his guilty plea and only raised concerns about being a career offender. Indeed, in his appellate brief, the movant stated the following:

---

[2] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See, e.g.*, *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

> Following indictment, [the movant] entered [into] a written guilty plea with the government wherein he acknowledged his involvement in [the] distribution of [crack]. Because of his criminal history, the government asserted and [the movant] grudgingly and hesitantly acknowledged that he was a career offender.

After making such statement, the movant asserted multiple arguments relating to the court's application of USSG §4B1.1. It is also clear that the movant could have raised his current concerns about his guilty plea and the court's determination that he qualified as a career offender on direct appeal, but he failed to do so. Because the movant already litigated his concerns and could have litigated his additional concerns about his guilty plea and status as a career offender, the movant's claims are procedurally barred.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level, including those that are contrary to established law. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade).

The failure to raise an argument for which there is no reported precedent does not establish deficient performance. *See Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014); *see also Toledo v. United States*, 581 F.3d 678, 679-81 (8th Cir. 2009) (making clear that counsel is not accountable for unknown future changes in the law); *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (concluding that the failure to recognize and raise a novel argument does not give rise to a constitutional violation); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's

decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance). And, the movant cannot establish prejudice. *See United States v. Apfel*, 97 F.3d 1074, 1077 (8th Cir. 1996) (rejecting ineffective assistance of counsel claim for lack of prejudice where defendant alleged counsel failed to object to fact which resulted in an enhanced sentence because defendant did not show a reasonable probability that the government would have been unable to prove the fact had it been disputed).

The record reflects that counsel conducted an adequate investigation, which included listening to the controlled buys. With respect to the terms of the plea agreement, it would have been futile for counsel to rely on Federal Rule of Criminal Procedure 11(c)(1)(C), especially considering the government's attempts to have the court impose a sentence above 235 months imprisonment. More importantly, counsel correctly determined that the movant qualified as a career offender. So, the advice that counsel provided the defendant was sound, especially considering that the movant benefitted as a result of accepting responsibility.

The position advanced by the movant is not supported by the law. Indeed, the movant's convictions for possession of cocaine base with intent to deliver and delivery of cocaine base in 1998 and convictions for assault on a police officer causing bodily injury and interference with official acts causing bodily injury in 2004 remain valid predicates for purposes of USSG §4B1.1. *See United States v. El-Alamin*, 574 F.3d 915, 927-28 (8th Cir. 2009) (discussing requirements of USSG §4B1.1(a); *see also United States v. Maid*, 772 F.3d 1118, 1020-21 (8th Cir. Mar. 2014) (discussing USSG §4B1.2(a)(1)); *United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010) (holding that conviction for interference with official acts causing bodily injury is a crime of violence). With respect to the latter convictions, the statutory elements are sufficient so they qualify as predicates under USSG §4B1.1. *See United States v. Perry*, 521 F. App'x 770, 773 (8th Cir. 2013); *see also Olten v. United States*, 565 F. App'x 558, 560 (8th Cir. 2014) (applying *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013)). And, when reviewing

the movant's prior convictions, the court relied on USSG §4B1.2(a)(1) and USSG §4B1.2(b), not USSG §4B1.2(a)(2), that is, the provision that includes the residual clause. Consequently, the movant's reliance on *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in his motion to amend is misplaced and unavailing.

Moreover, after determining that the movant should be sentenced as a career offender, the court made clear that a sentence of 235 months imprisonment was appropriate in light of the movant's criminal history. *Cf. United States v. Hentges*, 779 F.3d 820, 822-23 (8th Cir. 2015). So, even if a sentencing guideline error occurred, the movant's 235 month term of imprisonment is not unlawful. *See Sun Bear v. United States*, 644 F.3d 700, 704-05 (8th Cir. 2011) (en banc) (concluding that sentencing errors are generally not cognizable in § 2255 proceedings).

Based on the foregoing, the court is unable to conclude that counsel provided constitutionally ineffective assistance. *See Donnell v. United States*, 765 F.3d 817, 820-21 (8th Cir. 2014) (emphasizing that only errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment are actionable).

## IV. CONCLUSION

In sum, the movant misstates the record and misunderstands the law. The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's claims are without merit, especially considering that counsel represented the movant in a manner that exceeded constitutional requirements. Given the record, the court finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Apfel*, 97 F.3d at 1076 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would

result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and motion to amend are denied. As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 15th day of March, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA